**William Pearce MILLS, Petitioner— Appellant,**

v.

**Jean HILL, Superintendent, Respondent—Appellee.**

No. 08–35498.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 22, 2009.

Amy Baggio, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esquire, U.S. AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

## MEMORANDUM *

■ William Mills appeals the district court's denial of his petition for habeas corpus. Even assuming a freestanding claim of innocence is potentially available in a non-capital case, *see House v. Bell,* 547 U.S. 518, 554–55, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), *Herrera v. Collins,* 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), Mills has failed to meet the "extraordinarily high" threshold for a freestanding claim because he has failed to "affirmatively prove that he is probably innocent," *Carriger v. Stewart,* 132 F.3d 463, 477 (9th Cir.1997) (en banc) (internal quotation marks omitted). Mills's "newly discovered" evidence, *Herrera,* 506 U.S. at 400, 113 S.Ct. 853, consists of the July 2007 report and affidavit prepared by Dr. Welch. We have rejected freestanding claims of innocence based on the affidavit of a mental health expert hired by the defense, reasoning that "[b]ecause psychiatrists disagree widely and frequently on what constitutes mental illness, a defendant could always provide a showing of factual innocence by hiring psychiatric experts who would reach a favorable conclusion." *Boyde v. Brown,* 404 F.3d 1159, 1168 (9th Cir.2005) (internal quotation marks and alteration omitted).

■ Mills's argument that he "should be allowed to pass through the [*Schlup* ] gateway and argue the merits of his underlying claims" also fails. *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). His newly presented evidence of actual innocence does not establish that "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327, 115 S.Ct. 851. Mills argues that, at the time of the offense, his paranoid delusions caused him to believe that he could make a lawful citizen's arrest and use force

by 9th Cir. R. 36–3.

if necessary. But there is evidence in the record indicating that Mills knew his actions were unlawful, including evidence that Mills told a coworker that he was going to "arrest [his former supervisors] or do them in"; made statements implying that he intended to harm his former supervisors; and made statements indicating Mills was aware that police would attempt to stop whatever he had planned for his former supervisors. Such evidence is inconsistent with Mills's claim that he could not form the requisite intent required under his crime of conviction and provides a basis for a reasonable juror to find him guilty. *See Schlup,* 513 U.S. at 329, 115 S.Ct. 851. Because Mills cannot pass through the *Schlup* gateway, we may not reach the merits of Mills's procedurally defaulted claims. Although the district court erred in reaching the merits of his claims, we may affirm the district court on any ground supported by the record. *Washington v. Lampert,* 422 F.3d 864, 869 (9th Cir.2005).

**AFFIRMED.**